UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES P. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-436-WTL-MJD |
| ) | |
| PNC BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

### ENTRY REGARDING PLAINTIFF'S SUPPLEMENTAL BRIEF

On July 17, 2012, the Court granted in part the Defendant's motion to dismiss (dkt. no. 18). However, additional information was needed regarding one part of the Plaintiff's claim; accordingly, the Court ordered additional briefing on that issue. The Plaintiff filed its supplemental brief on August 1, 2012, and the Defendant responded. The issue is now ripe for ruling, and the Court, being duly advised, rules as follows.

### I. BACKGROUND

The facts as alleged are as follow. This action arises out of the breakdown of a business relationship between the Plaintiff, James P. Phillips, and his former business partner, James E. Lee. Phillips and Lee own two limited liability companies – Panzarotti's Italian Restaurant, LLC (the "Restaurant"), and Panzarotti's, LLC (the "Café"). Phillips and Lee opened bank accounts for the Restaurant and the Café with PNC Bank.

In March 2011, Lee and Phillips had a falling out and disagreement over management of the Restaurant and the Café. In conjunction with this falling out, Lee removed Phillips' name from the Restaurant and Café bank accounts without Phillips' knowledge or consent. From March 2011 through July 2011, Phillips was unable to access the businesses' accounts or

monitor the actions Lee was taking regarding the businesses' assets. As a result, Phillips was unaware that Lee was converting business assets to pay for personal liabilities and/or other liabilities that were liabilities neither of the Restaurant nor the Café.

After discovering Lee's actions, Phillips filed suit against Defendant PNC Bank, N.A., ("PNC") alleging that (1) PNC breached its bank account contracts with Phillips by removing his name from the accounts; and (2) PNC intentionally interfered with Phillips' business relationship with Lee. PNC moved to dismiss Phillips' complaint in its entirety because, it argued, Phillips lacked standing to sue on each of his claims. In addition, PNC argued that Phillips' intentional interference claim failed to state a claim upon which relief could be granted.

After reviewing the motion, this Court held that Phillips failed to state a claim for intentional interference and Phillips lacked standing to sue in either his personal or representative capacity on the breach of contract claim with respect to the Restaurant bank account. However, while holding that Phillips lacked standing to sue in his personal capacity on the breach of contract claim with respect to the Café bank account, the Court found it unclear whether Phillips had standing to sue on behalf of the Café with respect to this claim. Accordingly, the Court ordered additional briefing on this issue. The Court now addresses this claim below.

## II. STANDARD

In considering a Rule 12(b)(1) motion, the Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). A defendant may raise facial and factual challenges to jurisdiction. "Facial challenges require only

that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (emphasis in original). "In contrast, a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction." *Id.* (quoting *United Phosporus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942-946 (7th Cir. 2003)) (emphasis in original). In such a case, the court may look beyond the allegations of the complaint and consider evidence that has been submitted on the issue to determine whether subject-matter jurisdiction exists. *Apex*, 572 F.3d at 444. The burden of proof remains with the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

### III. DISCUSSION

This Court initially held that Phillips had not carried his burden to show that he has standing to sue on his own behalf for breach of either bank account contract. However, in response to the Court's order for additional briefing on whether Phillips may sue on behalf of the Café, Phillips instead attempts to resurrect the argument that he may sue on his own behalf. Accordingly, the Court will consider Phillips' brief as a motion to reconsider. That motion is **GRANTED** to the extent that the Court will reconsider its previous ruling in light of Phillips' new arguments.

Phillips urges this Court to apply the exception to derivative claims as set forth in *Barth v. Barth*, 659 N.E.2d 559 (Ind. 1995), to his claims against PNC. In *Barth*, the Indiana Supreme Court recognized "the well-established general rule . . . that shareholders of a corporation may not maintain actions at law in their own names to redress an injury to the corporation even if the value of their stock is impaired as a result of the injury." 659 N.E.2d at 560. However, noting

some unique features of closely-held corporation–shareholder litigation, the Court recognized and adopted an exception:

> In the case of a closely held corporation, the court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

*Id.* at 562 (adopting the American Law Institute's proposed rule) While the Court in *Barth* applied the exception to allow a minority shareholder to sue the corporation and its majority shareholder, Phillips urges this Court to apply the exception here, in the case of a shareholder (truly, member) suit against a third-party contractor with the corporation. In support, Phillips argues that this Court should be guided by *Hubbard v. Tomlinson,* 747 N.E.2d 69 (Ind. App. 2001), and *Miller v. Up In Smoke*, 738 F. Supp. 2d 878 (N.D. Ind. 2010) (applying Indiana law). Phillips admits that the end result in these cases was "refus[ing] to allow a shareholder of a closely-held corporation to pursue claims against a third-party for injuries done to the corporation"; however, Phillips contrasts the facts of *Hubbard* and *Miller* with the facts of this case, arguing that the differences warrant a different result. *See Hubbard*, 747 N.E.2d at 72 (plaintiff was one of five shareholders; corporation had no fewer than fifty creditors holding in excess of one million dollars in claims; plaintiff sought individual recovery of damages); *Miller*, 738 F. Supp. 2d at 883-84 (plaintiff was one of two shareholders, but court noted risk of multiple lawsuits and prejudice to creditors).

      Phillips argues that, unlike *Hubbard* and *Miller*, there is no risk of a multiplicity of actions in this case because the only other parties who may bring suit are Lee and the Café. Suit

by Lee would be an ill-advised move, Phillips argues, given the potential for a counterclaim by PNC and the implications it would have in Phillips' suit against Lee. Furthermore, the Café may only bring the claim with the agreement of Lee and Phillips. Phillips also argues that his suit would not interfere with a fair distribution of the recovery among all interested persons because "the damages at issue are Phillips' share of the funds converted." However, even assuming that Phillips is correct with regard to these points, the remaining *Barth* factor – prejudice to creditors – weighs heavily against permitting Phillips to bring this action directly.

The Indiana Supreme Court warned in *Barth* that "the principles which gave rise to the rule requiring derivative actions will sometimes be present even in litigation involving closely-held corporations. For example, because a corporate recovery in a derivative action will benefit creditors while a direct recovery by a shareholder will not, the protection of creditors principle could well be implicated." 659 N.E.2d at 562. The Court finds that risk lurking here. While Phillips asserts that "[t]here is no evidence in this matter that there are any creditors of [the Café] who would be prejudiced by this decision," there is also no evidence – or even a direct assertion – that there are not. If Phillips recovers individually on the Café's claim, then funds representing the damages suffered by the Café would belong to Phillips and would be out of reach of the Café's creditors. *See* Ind. Code § 23-18-3-3. Accordingly, the Court declines to permit Phillips' claim to move forward as a direct action.

In arguing that he may sue on his own behalf, Phillips dodges the Court's order to address whether he may sue on the Café's behalf. The circumstances under which such a suit may be brought are clearly set forth in Indiana Code § 23-18-8-1. Phillips has not met his burden to show that his suit fits within the parameters of the statute, and the Court must conclude that

Phillips does not have standing to sue PNC on behalf of the Café.

### III. CONCLUSION

Phillips lacks standing to sue in his personal capacity on the breach of contract claim with respect to the Café bank account. He has also failed to show that he has standing to sue on behalf of the Café. Accordingly, the Defendant's motion to dismiss with respect to this claim is **GRANTED**.

**SO ORDERED:**   09/19/2012

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.